**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 23, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: January 23, 2007**

_____
**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re                                                         )
                                                              )
NEBS FINANCIAL SERVICES, INC.,      )     SIPA Proceeding No. 04-1648
    Debtor.                                      )
                                                              )     Judge Arthur I. Harris
DONALD H. MESSINGER, SIPA            )
TRUSTEE,                                            )     Adversary Proceeding No. 06-1956
    Plaintiff,                                   )
                                                              )
v.                                                            )
                                                              )
CHUBB GROUP OF INSURANCE          )
COMPANIES, _et al._,                           )
    Defendants.                                )

MEMORANDUM OF OPINION[1]

      The question before the Court is whether the above-captioned adversary

proceeding is a core proceeding under 28 U.S.C. § 157(b).  For the reasons that

follow, it is not.

_____

[1]This opinion is not intended for official publication.

## BACKGROUND

The present adversary proceeding ultimately stems from the Chapter 7 bankruptcy of NEBS Financial Services, Inc. ("NEBS"), a registered broker-dealer and member of the Securities Investment Protection Corporation ("SIPC"). Pursuant to its authority under Section 5 of the Securities Investment Protection Act ("SIPA"), codified at 15 U.S.C. § 78aaa, *et seq*., SIPC sought and obtained a protective order from the United States District Court for the Northern District of Ohio. The protective order stayed the bankruptcy case and removed SIPC's suit ("the SIPA liquidation proceeding") to the bankruptcy court.

The protective order also appointed a trustee, Donald Messinger ("the SIPA trustee"), who is granted many of the same powers and charged with many of the same duties as a Chapter 7 trustee in bankruptcy. Among the SIPA trustee's duties is to pursue all claims held by NEBS. The SIPA trustee, following up on a prepetition demand for payment on a broker's fidelity bond sold to NEBS by the defendants, made a supplemental demand for payment. The defendants refused payment, so the SIPA trustee commenced the present adversary proceeding. The SIPA trustee's complaint contains three counts: breach of contract, breach of fiduciary duty, and declaratory relief.

In his complaint, the SIPA trustee alleges that the present adversary proceeding is a core proceeding under 28 U.S.C. § 157(b). The defendants

2

(incorrectly) construed this allegation as one not requiring a response. *See* Bankruptcy Rule 7012(b).[2] The defendants' answer also failed to specify whether the defendants consent to the entry of final orders or judgment by the bankruptcy judge, as required by Bankruptcy Rule 7012(b). Although the defendants' answer fails to address the core/non-core and consent issues required by Bankruptcy Rule 7012(b), given the defendants' clear statements elsewhere in the record, and given the liberal amendment policies of Fed. R. Civ. P. 15, the Court construes the defendants' answer as denying that the plaintiff's claims are "core" and declining to consent to the entry of final orders or judgments by the bankruptcy judge. Pursuant to 28 U.S.C. § 157(d), the defendants did file a motion to withdraw the adversary proceeding to the district court. At a pretrial conference on December 12, 2006, the plaintiff, pursuant to 28 U.S.C. § 157(b)(3), made an oral motion for a determination whether the present adversary proceeding is a core proceeding. The parties briefed the issue, and the Court is now ready to rule.

---

[2]Bankruptcy Rule 7012(b) provides in pertinent part:
> A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. In non-core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order except with the express consent of the parties.

3

28 U.S.C. § 157(b) provides in pertinent part:

> (1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . .

It appears that 28 U.S.C. § 157(b) only applies to proceedings "referred under subsection (a)" of section 157. But the present adversary proceeding was not referred under subsection (a) because subsection (a) provides for referral of "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." The present adversary proceeding, however, is not a case under title 11. It is only remotely related to a case under title 11 because it stems from the Chapter 7 bankruptcy of NEBS. But that bankruptcy case has been stayed by the SIPA liquidation proceeding, and this adversary proceeding is related to the SIPA liquidation proceeding.

The SIPA liquidation proceeding is a case under title 15, not a "case under title 11." The SIPA liquidation proceeding is in the bankruptcy court not by referral under 28 U.S.C. § 157(a), but pursuant to the district court's December 3, 2004, order of removal and 15 U.S.C. § 78eee(b)(4), which provides:

> (4) Removal to bankruptcy court.
> Upon the issuance of a protective decree and appointment of a trustee, or a trustee and counsel, under this section, the court shall forthwith order the removal of the entire liquidation proceeding to the court of the United States in the same judicial district having

4

jurisdiction over cases under title 11. The latter court shall thereupon have all of the jurisdiction, powers, and duties conferred by this Act upon the court to which application for the issuance of the protective decree was made.

15 U.S.C. § 78eee(b)(2)(A) sets forth the jurisdiction of "the court to which application for the issuance of the protective decree" is made. Specifically clause (iii) gives the court "the jurisdiction, powers, and duties conferred upon a court of the United States having jurisdiction over cases under title 11 of the United States Code . . . ."

The district courts have original and exclusive jurisdiction over cases under title 11. 11 U.S.C. § 1334(a). Under subsection 1334(b), district courts have original but not exclusive jurisdiction over "all civil proceedings . . . related to a case under title 11." Thus, once a liquidation proceeding is removed to the bankruptcy court, 15 U.S.C. § 78eee(b)(4), by incorporating 15 U.S.C. § 78eee(b)(2)(A)(iii), appears to give the bankruptcy court all of the district court's section 1334 jurisdiction, including jurisdiction over proceedings "related to cases under title 11." SIPA only speaks of jurisdiction; it does not explicitly limit the authority of the bankruptcy judge, as a non-Article III judge, to enter final orders and judgments. But such an unlimited grant of jurisdiction over proceedings "related to" cases under title 11 was declared unconstitutional by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S.

50 (1982). Courts must always try to interpret statutes in ways that avoid serious constitutional problems, so the analysis cannot end here without first considering whether a constitutionally permissible reading is available. *See Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Const. Trades Council*, 485 U.S. 568, 574-75 (1988).

15 U.S.C. § 78fff(b) provides that "a liquidation proceeding shall be conducted in accordance with, and *as though it were being conducted* under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11 of the United States Code . . . ." (Emphasis added.) Section 78fff-1 gives the SIPA trustee the same duties and powers of a bankruptcy trustee. Congress clearly intended SIPA liquidation proceedings to function, as much as practicable, as if they were Chapter 7 bankruptcy proceedings, even providing for mandatory removal of SIPA liquidation proceedings to bankruptcy court. When Congress enacted 28 U.S.C. § 157 in response to *Marathon*, the SIPA removal and jurisdictional provisions were left unchanged. That is, 28 U.S.C. § 157 provides the Congressionally mandated framework for limiting the authority of bankruptcy judges in a constitutionally permissible manner, but there is no indication that Congress intended SIPA liquidation proceedings to be conducted any differently after the Bankruptcy Amendments and Federal Judgeship Act of 1984.

Therefore, the Court reads the requirement that a SIPA liquidation

6

proceeding be conducted "as though it were being conducted" under title 11 to mean that, as far as practicable, a SIPA liquidation proceeding should be treated as having been referred to the bankruptcy court under 28 U.S.C. § 157(a). By incorporating 28 U.S.C. § 157, this reading avoids constitutional problems using the same procedures and concepts that Congress intended to be used for avoiding the constitutional problems identified in *Marathon*. Under 15 U.S.C. § 78eee(b)(2)(A)(iii) & (b)(4), the bankruptcy court does have the district court's section 1334 jurisdiction over the SIPA liquidation proceeding and over proceedings "related to" the SIPA liquidation proceeding. But, when the bankruptcy court determines whether there is authority to enter final orders and judgments in a proceeding related to the SIPA liquidation proceeding, the bankruptcy judge treats the SIPA liquidation proceeding as though it were being conducted under title 11 and looks to 28 U.S.C. § 157. *Cf. Trefny v. Bear Stearns Securities Corp.*, 243 B.R. 300, 318-19 (S.D. Tex. 1999) (applying " 'core-noncore' test" to claims brought by SIPA trustee); *In re Sunpoint Securities, Inc.*, 262 B.R. 384, 397 (Bankr. E.D. Tex. 2001) (noting that bankruptcy court's exercise of jurisdiction granted by SIPA is limited by § 157).

Satisfied that 28 U.S.C. § 157 applies to the present adversary proceeding, the Court now turns to whether this is a core proceeding. "[A] core proceeding either invokes a substantive right created by federal bankruptcy law or one which

7

could not exist outside of the bankruptcy." *In re Lowenbraun*, 453 F.3d 314, 320

(6th Cir. 2006) (*quoting Sanders Confectionary Prods. v. Heller Financial, Inc.*,

973 F.2d 474, 485 (6th Cir. 1992)); *accord Halper v. Halper*, 164 F.3d 830, 836

(3d Cir. 1999) (collecting cases applying "this test"). *Lowenbraun* concerned a

libel suit against a Chapter 7 trustee's counsel by a debtor's estranged wife.

Holding that the suit was a core proceeding, the court noted the wife's claims

would not exist but for the bankruptcy proceeding. 453 F.3d at 321. In addition,

her claims were based on actions performed in accordance with the duties of the

Chapter 7 trustee's counsel. Thus, the claims were based on actions that were

"inextricably bound to the bankruptcy proceeding." 453 F.3d at 321.

In an earlier case, *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991),

the Sixth Circuit considered whether a reorganized debtor's motion to enforce a

confirmation order was a core proceeding. The confirmation order confirmed a

plan of reorganization, which provided for a sale of the Chapter 11 debtor's

(Wolverine's) assets free and clear of all liens, claims, and interests, pursuant to

11 U.S.C. § 363. When a state agency charged the purchaser of these assets for

unemployment compensation paid to former employees of Wolverine, Wolverine

moved for an order enforcing the confirmation order and argued that the plan's

section 363 provision prevented these charges. The court noted that the motion to

enforce the confirmation order could not exist but for the bankruptcy. 930 F.2d at

8

1144.  The court emphasized that Wolverine was asserting a right created by bankruptcy law, namely the right to sell assets free and clear under 11 U.S.C. § 363(f).  Accordingly, the court held that the action was a core proceeding. 930 F.2d at 1145.

The present adversary proceeding, however, bears few similarities with those Sixth Circuit cases concerning core proceedings.  Unlike the proceeding in *Wolverine*, the SIPA trustee does not assert a right created by bankruptcy law. Unlike the proceeding in *Lowenbraun*, this is a suit *by* the SIPA trustee rather than *against* the SIPA trustee.  The SIPA trustee may have a duty to bring this suit, but he is not exercising a specific trustee power.  *Cf. In re Investment Bankers*, 4 F.3d 1556, 1561-62 (10th Cir. 1993) (SIPA trustee's action to avoid a fraudulent transfer is a core proceeding.)  Neither the trustee's claims, nor the actions on which they are based are "inextricably bound" to either the bankruptcy proceeding or the SIPA liquidation proceeding.  Unlike the proceedings in both *Wolverine* and *Lowenbraun*, the causes of action at issue here would exist even if there were no SIPA liquidation proceeding or if NEBS had not sought bankruptcy protection. Outside of bankruptcy, NEBS had purchased a bond and made a demand for payment on that bond; the defendants refused payment.  Claims for breach of contract, breach of fiduciary duty, and for a declaratory judgment, if valid, would exist regardless of NEBS's bankruptcy or the SIPC's involvement.  *See Sanders*

9

*Confectionary*, 973 F.2d at 483 n.4 (despite their possible effect on bankruptcy estate, lender liability, common law fraud, and other claims "could arise in cases other than bankruptcy proceedings" and were thus not core proceedings). These considerations indicate that the present adversary proceeding is not a core proceeding.

Perhaps the strongest argument that the present adversary proceeding is not a core proceeding is *Marathon*. In that case, Northern Pipeline Construction Co. ("Northern Pipeline") sought to reorganize under the then new Bankruptcy Act of 1978. As a Chapter 11 debtor-in-possession, Northern Pipeline brought breach of contract, warranty, and various tort claims against Marathon Pipe Line Co. ("Marathon"). Pursuant to former 28 U.S.C. § 1471, the suit was heard in the bankruptcy court as "related to" Northern Pipeline's chapter 11 case. Marathon sought dismissal on the grounds that section 1471 unconstitutionally conferred Article III judicial power upon judges who lacked life tenure and protection against salary diminution. 458 U.S. at 57. A divided Court affirmed a district court's order dismissing the suit.

In a plurality opinion, Justice Brennan reiterated the "clear and definite" constitutional command that "[t]he judicial power of the United States must be exercised by courts having the attributes prescribed in Art. III." 458 U.S. at 59. It was undisputed that bankruptcy judges lacked life tenure and protection against

10

salary diminution, the two "attributes prescribed in Art. III."  Justice Brennan

reviewed the case law permitting so-called "legislative courts" and concluded this

review by noting that "[p]rivate-rights disputes, [*i.e.* disputes involving only

private parties], lie at the core of the historically recognized judicial power." 458

U.S. at 70.   He distinguished between "the restructuring of debtor-creditor

relations, which is at the core of the federal bankruptcy power" and "the

adjudication of state-created private rights, such as the right to recover contract

damages," which "obviously is not."  458 U.S. at 71.  Because Northern Pipeline's

state law claims were "independent of and antecedent to" Northern Pipeline's

bankruptcy, adjudication of such claims were "essential attributes of the judicial

power," which could not be vested in a non-Article III court.  458 U.S. at 86-87.

Justices Rehnquist and O'Connor concurred in the plurality's judgment on

narrower grounds.  Justice Rehnquist wrote that Northern Pipeline's claims "were

the stuff of the traditional actions at common law" that "arise entirely under state

law."  The suit was in bankruptcy court only because Northern Pipeline had filed a

bankruptcy petition.  458 U.S. at 90.  Justice Rehnquist noted that none of the

Court's precedents sanctioned the adjudication of such claims by a non-Article III

court over Marathon's objection.

The similarities between the present case and *Marathon* are clear.  The SIPA

trustee seeks damages for breach of contract and breach of fiduciary duty, "the

11

stuff of the traditional actions at common law." The claims are brought in bankruptcy court only because of the SIPA liquidation proceeding, but they are independent of NEBS's bankruptcy and the SIPA liquidation proceeding. Nearly all of the relevant facts arose before NEBS's bankruptcy petition was filed. In fact, NEBS had made its own demand for payment prepetition. Only the refusal of payment occurred postpetition, but the complaint alleges no facts to suggest that refusal was based on either the filing of the petition or the SIPA liquidation proceeding. *See Kmart Creditor Trust v. Conaway (In re Kmart Corp.)*, 307 B.R. 586, 594 (Bankr. E.D. Mich. 2004) ("[A] post-petition breach of a pre-petition contract is not a core matter."); *Bliss Techs., Inc. v. HMI Indus. (In re Bliss Techs., Inc.)*, 307 B.R. 598, 609 (Bankr. E.D. Mich. 2004) (claim for breach of fiduciary duty not a core proceeding); *see also Trefny*, 243 B.R. at 319 (state law fraud and securities claims brought by SIPA trustee not core).

Accordingly, following binding Sixth Circuit precedent and the Supreme Court's *Marathon* decision, the Court must conclude that the present adversary proceeding is not a core proceeding under 11 U.S.C. § 157(b).

In order to avoid unnecessary and potentially duplicative costs, the Court will stay this adversary proceeding pursuant to Bankruptcy Rule 5011(c), pending a ruling on the defendant's motion to withdraw the proceeding to the district court. Pursuant to Bankruptcy Rule 5011(a) the defendants' motion to withdraw is to be

heard by a district judge.

CONCLUSION

For the foregoing reasons, the above-captioned adversary proceeding is not a core proceeding under 28 U.S.C. § 157(b). In order to avoid unnecessary costs, this adversary proceeding is stayed pursuant to Bankruptcy Rule 5011(c), pending a ruling on the defendant's motion to withdraw the proceeding to the district court.

IT IS SO ORDERED.